*Summary Disposition April 25, 2016:*

PEOPLE V TARA SULLIVAN, No. 150471; Court of Appeals No. 315843. In lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals, and we remand this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

WALTERS V FALIK, No. 151186; Court of Appeals No. 319016. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate the judgment of the Court of Appeals, and we remand this case to the Court of Appeals for reconsideration in light of *Elher v Misra*, 499 Mich 11 (2016).

ROSEMAN V CITY OF DETROIT, No. 151790; Court of Appeals No. 314650. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate the judgment of the Court of Appeals, and we remand this case to the Wayne Circuit Court for the court to consider whether it has subject matter jurisdiction to hear the plaintiffs' claims pursuant to MCL 418.131(1) and MCL 418.827(1).

*Leave to Appeal Denied April 25, 2016:*

PEOPLE V ERIC SULLIVAN, No. 150569; reported below: 309 Mich App 1.